# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHNNY RICHTHOFEN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-16020** |
| **SOCIAL SECURITY ADMINISTRATION** | **SECTION: "H"(1)** |

## ORDER AND REASONS

Before the Court is the Report and Recommendation of the Magistrate Judge regarding cross motions for summary judgment. For the following reasons, the Report and Recommendation is ADOPTED IN PART, the Commissioner's Motion for Summary Judgment is GRANTED IN PART, Plaintiff's Motion for Summary Judgment is GRANTED IN PART, and the case is REMANDED.

## BACKGROUND

Plaintiff Johnny Richtofen filed a complaint in this Court on November 1, 2016 seeking a review pursuant to section 405(g) of the Social Security Act (the "Act") of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for supplemental

1

security income under Title XVI of the Act, 42 U.S.C. § 1381.[1] The administrative record was filed, the matter was briefed, and the Magistrate Judge issued a Report and Recommendation. The Report and Recommendation sets forth a detailed factual and procedural history of the matter which this Court adopts.[2]

Plaintiff identifies three issues for appeal:

1. Whether substantial evidence supports the ALJ's Step 2 determination of Plaintiff's severe impairments.
2. Whether the ALJ properly weighed the opinion evidence of record and properly developed the record in assessing the Plaintiff's Residual Functional Capacity.
3. Whether the ALJ's Step 5 determination is supported by substantial evidence.

With respect to Issue One, the Magistrate Judge concluded that the ALJ's decision that Plaintiff's edema was not a severe impairment was supported by substantial evidence. The Magistrate Judge further concluded that, regardless of whether substantial evidence supported the ALJ's Step 2 determination, there was no reversible error at this step because the ALJ proceeded to the remaining steps while taking into account Plaintiff's edema. With respect to Issue Two, the Magistrate Judge concluded that the ALJ's weighing of the opinion evidence and determination of Plaintiff's Residual Functional Capacity ("RFC") were supported by substantial evidence. With respect to Issue Three, the Magistrate Judge again concluded that the ALJ's

---

[1] Doc. 1.
[2] Doc. 16 at 1–10.

Step 5 determination was supported by substantial evidence. Plaintiff filed objections to the Report and Recommendation.[3]

**LEGAL STANDARD**

Because Plaintiff has objected, this Court considers de novo the matters addressed by the Report and Recommendation.[4] The function of a district court on judicial review of a decision by the Commissioner is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact and whether the Commissioner applied the appropriate legal standards to evaluate the evidence.[5] If the Commissioner's findings are supported by substantial evidence, this Court must affirm them.[6]

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion.[7] It is more than a scintilla but may be less than a preponderance.[8] A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision.[9] A district court may not try the issues de novo, re-weigh the evidence, or substitute its own judgment for that of the Commissioner.[10] The Commissioner is entitled to

---

[3] Doc. 17.
[4] *See* FED. R. CIV. P. 72(b)(3).
[5] *See* 42 U.S.C. § 405(g); Brown v. Apfel, 192 F.3d 492, 496 (5th Cir. 1999); Martinez v. Chater, 64 F.3d 172, 173 (5th Cir. 1995); Carriere v. Sullivan, 944 F.2d 243, 245 (5th Cir. 1991).
[6] *Martinez*, 64 F.3d at 173.
[7] Richardson v. Perales, 402 U.S. 389, 401 (1971); Masterson v. Barnhart, 309 F.3d 267, 272 (5th Cir. 2002).
[8] Spellman v. Shalala, 1 F.3d 357, 360 (5th Cir. 1993).
[9] *See* Boyd v. Apfel, 239 F.3d 698, 704 (5th Cir. 2002).
[10] Carey v. Apfel, 230 F.3d 131, 135 (5th Cir. 2000); Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995); *Spellman*, 1 F.3d at 360.

make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible.[11] Conflicts in the evidence are for the Commissioner to resolve, not the courts.[12] Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive.[13] Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it.[14]

## LAW AND ANALYSIS

This Court adopts the Magistrate Judge's finding and reasoning as to Issue One that there is no reversible error because the ALJ proceeded beyond Step 2 while taking into account Plaintiff's edema. Finding no reversible error, this Court does not reach the issue of whether substantial evidence supports the ALJ's determination that Plaintiff's edema was not severe and therefore does not adopt the Magistrate Judge's finding that such evidence existed.

As to Issue Two, this Court finds that the record does not contain substantial evidence to support the ALJ's minimal weighing of Dr. Kleinpeter's opinion or the ALJ's conclusion that Plaintiff could sit for more than four hours per day, would not have to take unscheduled breaks, and would not have to recline during the day.

On April 9, 2014, Dr. Kleinpeter, Plaintiff's treating physician, provided a medical source statement in which she opined that Plaintiff could sit for only four hours in an eight-hour workday, stand or walk for two hours in an eight-

---

[11] *See* Arkansas v. Oklahoma, 503 U.S. 91, 112–13 (1992).
[12] *Carey*, 230 F.3d at 135.
[13] *Ripley*, 67 F.3d at 555.
[14] Anthony v. Sullivan, 954 F.2d 289, 295 (5th Cir. 1992); Villa v. Sullivan, 895 F.2d 1019, 1022 (5th Cir. 1990).

4

hour workday, and lift or carry twenty pounds occasionally and ten pounds frequently.[15] Dr. Kleinpeter also opined that Plaintiff must recline in excess of normal breaks, would require daily unscheduled breaks of one to two hours, and would be absent from work more than four times a month.[16] The ALJ stated that he credited Dr. Kleinpeter's standing, walking, and lifting restrictions. However, the ALJ incorrectly cited Dr. Kleinpeter as reporting that Plaintiff could stand and walk for four hours in an eight-hour workday.[17] In fact, Dr. Kleinpeter's form shows that Plaintiff could stand and walk for only two hours in an eight-hour workday.[18] The ALJ also explicitly discredited Dr. Kleinpeter's opinion that Plaintiff could sit for only four hours per day, must recline and take extra breaks, and would miss more than four days per month.[19] According to the ALJ, that opinion was "not well supported by physical examination findings of record or by the daily activities reported by the claimant at the hearing."[20]

As a result, the ALJ concluded that Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. § 416.967(a), with the added limitation that Plaintiff not be exposed to hazards and concentrated pulmonary irritants. Section 416.967(a) states that,

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if

---

[15] Rec. 202–03.
[16] Rec. 202–03.
[17] Rec. 20.
[18] Rec. 203.
[19] Rec. 203.
[20] Rec. 203.

5

walking and standing are required occasionally and other sedentary criteria are met.[21]

By definition, the ALJ determined that Plaintiff could perform such activity in the course of working five eight-hour days per week, or an equivalent schedule.[22]

While the ALJ bears the ultimate responsibility to determine a claimant's status, "[a] treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence.'"[23] Even when not accorded controlling weight, "[i]n many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted."[24] When good cause is shown, little or no weight may be given to a physician's testimony.[25] "The good cause exceptions . . . include disregarding statements that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence."[26] "[A]bsent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician only if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527([c])(2)."[27] Those include "length of treatment, frequency of

---

[21] 20 C.F.R. § 416.967.
[22] *See* Myers v. Apfel, 238 F.3d 617, 620 (5th Cir. 2001) (quoting SSR 96–8p, 1996 WL 374184, *1 (S.S.A. 1996)) (citations omitted).
[23] Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000) (quoting *Martinez*, 64 F.3d at 176).
[24] *Newton*, 209 F.3d at 456 (citing SSR 96–2p, 61 F.R. 34490, 34491 (July 2, 1996)).
[25] *Myers*, 238 F.3d at 621.
[26] *Id.* (quoting Greenspan v. Shalala, 38 F.3d 232, 237 (5th Cir. 1994)).
[27] *Newton*, 209 F.3d at 453. The regulation was subsequently amended such that section (c)(2), rather than section (d)(2), now contains the criteria to which the court was referring. *See* 20 C.F.R. § 404.1527 (2006).

6

examination, nature and extent of relationship, support provided by other evidence, consistency of opinion with record, and specialization."[28]

During the Step 2 analysis, the ALJ both failed to set forth a detailed analysis of the weighing factors as required when rejecting the opinion of a treating physician and came to a conclusion that was not supported by substantial evidence. In rejecting Dr. Kleinpeter's opinion that Plaintiff was limited to sitting for four hours in an eight-hour workday, must recline and take extra breaks, and would miss more than four days of work per month, the ALJ stated only that the opinion was "not well supported by physical examination findings of record or by the daily activities reported by the claimant at the hearing."[29] Such is not the detailed analysis required when rejecting a treating physician's opinion.[30]

Furthermore, the physical examination findings and daily activity reported by Plaintiff are not inconsistent with Dr. Kleinpeter's opinion as to Plaintiff's limitations and there is no other medical opinion testimony on record to support the ALJ's finding. The ALJ stated that Plaintiff's physical examinations provide no evidence of "muscle weakness, muscle atrophy, or sensory deficits."[31] The record contains no evidence that those particular conditions were the source of the restrictions that the ALJ rejected. Without such evidence, their absence is irrelevant. The ALJ also stated that Plaintiff's pulmonary examinations have been unremarkable during the majority of his treatment, that his asthma has not gotten worse, and that his heart function and edema have improved. The record does not, however, contain any evidence

---

[28] *Myers*, 238 F.3d at 621.
[29] Rec. 20.
[30] *See Myers*, 238 F.3d at 621; *Newton*, 209 F.3d at 453.
[31] Rec. 20.

7

that such improvements are sufficient to alleviate the restrictions that Dr. Kleinpeter identified.

The ALJ finally cited Plaintiff's testimony that he was able to "wash dishes, shop for groceries, clean his house, take out garbage, lift a basket of clothes, walk two blocks at a time, and drive" as consistent with a sedentary level of exertion and corresponding RFC.[32] Such testimony does not contradict Dr. Kleinpeter's opinion. That Plaintiff can do household chores or walk several blocks at a time says absolutely nothing about whether Plaintiff can work for eight hours per day, five days per week, without unscheduled breaks of one to two hours and without being able to recline at times. In fact, Plaintiff testified that he spends most of his time watching television and must shift positions and recline while doing so because of his edema.[33]

This is not a case in which there is "competing first-hand medical evidence and the ALJ finds as a factual matter that one doctor's opinion is more well-founded than another," nor is it a case in which "the ALJ weighs the treating physician's opinion on disability against the medical opinion of other physicians who have treated or examined the claimant and have specific medical bases for a contrary opinion," nor even is it a case where the ALJ summarily rejects the opinions of claimant's treating physician "based only on the testimony of a non-specialty medical expert who had not examined the claimant."[34] Instead, this is a case in which the ALJ substituted his own lay opinion for that of the only physician on record who discusses Plaintiff's limitations. The ALJ failed to accord proper weight to Dr. Kleinpeter's opinion

---

[32] Rec. 20.
[33] Rec. 38–41.
[34] *See Newton*, 209 F.3d at 458; *see also Greenspan*, 38 F.3d at 237 (affirming an ALJ's decision to reject the opinion of a treating physician in favor of another physician who examined the claimant's medical records and determined that the treating physician's tests and methods were not scientifically sound).

8

without subjecting it to the required analysis and in doing so relied on evidence that did not contradict the restrictions that the ALJ disregarded.

With respect to Issue Three, the ALJ's error in determining Plaintiff's RFC led the ALJ to issue an incomplete hypothetical to the vocational expert. The ALJ's Step 5 determination therefore also lacks substantial evidence to support it.[35]

## CONCLUSION

For the foregoing reasons;

**IT IS ORDERED** that the Commissioner's Motion is GRANTED in that the ALJ did not commit a reversible error in Step 2 and DENIED in all other respects. Plaintiff's Motion is DENIED with respect to the ALJ's determination at Step 2 and GRANTED as set forth above.

**IT IS FURTHER ORDERED** that the opinion of the Administrative Law Judge is VACATED and this suit REMANDED for further proceedings consistent with this Order, pursuant to the fourth sentence of 42 U.S.C. § 405(g).

New Orleans, Louisiana this 19th day of June, 2018.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[35] *See Boyd*, 239 F.3d at 707.