UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHNNY SAMUEL RICHTHOFEN | * | CIVIL ACTION NO. 16-16020 |
| | * | |
| VERSUS | * | SECTION: "H"(1) |
| | * | |
| NANCY A. BERRYHILL, ACTING | * | JUDGE JANE TRICHE MILAZZO |
| COMMISSIONER OF THE SOCIAL | * | |
| SECURITY ADMINISTRATION | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

REPORT AND RECOMMENDATION

On January 10, 2019, the District Court granted the Motion for Attorney's Fees filed by plaintiff Johnny Samuel Richthofen (Rec. Doc. 19) and referred the matter to the undersigned for determination of the amount of attorney's fees and expenses that plaintiff should be awarded under the Equal Access to Justice Act. (Rec. Doc. 20). For the following reasons, it is RECOMMENDED that plaintiff be awarded $4,462.50 in reasonable attorney's fees and $17.25 in reasonable expenses.

Background

On November 1, 2016, Mr. Richthofen filed a Complaint to review the decision of the Commissioner of the Social Security Administration denying his application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1381.  The plaintiff objected to the undersigned's Report and Recommendation, and the District Judge adopted the Report and Recommendation in part. As a result, the decision of the Administrative Law Judge was vacated and Mr. Richthofen's claim for supplemental security income was remanded. Mr. Richthofen then filed a motion seeking attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. 2412. The Commissioner did not oppose. As noted, the District Court held

Mr. Richthofen entitled to an award of attorney's fees and expenses under the EAJA and referred the issue of calculating the award to the undersigned.

Law and Analysis

Mr. Richthofen proposes an hourly rate of $150 for attorney's hours and $75 for paralegal hours, and the Commissioner does not oppose these rates. Attorney fees awarded pursuant to the EAJA are capped at $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(1)(D). In considering the maximum hourly rate, courts in this district have also considered the increase in the cost of living using the consumer price index. See, e.g., Cook v. Berryhill, No. CV 17-1142, 2017 WL 2821907, at *4 (E.D. La. June 14, 2017), report and recommendation adopted, No. CV 17-1142, 2017 WL 2812924 (E.D. La. June 29, 2017); Kolb v. Colvin, No. CV 13-5085, 2016 WL 258621, at *2–3 (E.D. La. Jan. 21, 2016). Mr. Richthofen submits that according to the Consumer Price Index for this region as reported by the Bureau of Labor Statistics, there has been an increase in the cost of living from March 29, 1996, through 2017 resulting in an adjusted cap of $194.76 per hour.

Of course, the statutory cap is a maximum and the actual award may be at a lower rate. For example, in recent years, courts in this district have regularly awarded attorney fees in Social Security appeals at an hourly rate of $175. See, e.g., Cook, 2017 WL 2821907, at *4; Lasserre v. Berryhill, No. CV 15-6934, 2017 WL 914644, at *4 (E.D. La. Feb 16, 2017), report and recommendation adopted, No CV 15-6934, 2017 WL 897841 (E.D. La. Mar. 7, 2017); Kolb, 2016 WL 258621, at *2–3 (E.D. La. Jan. 21, 2016); Joiner v. Colvin, No. CIV.A. 14-1315, 2015 WL 6442710, at *1 (E.D. La. Oct. 23, 2015). Courts in this circuit have also found $75 (or even $100) to be a reasonable hourly rate for paralegals under the EAJA. E.g., Lott v. Berryhill, No. CV 17-

0783, 2018 WL 6920115, at *2 (W.D. La. Dec. 17, 2018), report and recommendation adopted, No. 5:17-CV-00783, 2019 WL 80899 (W.D. La. Jan. 2, 2019) (holding $100 per hour to be reasonable); Craig v. Colvin, No. CV 15-583-JJB-EWD, 2016 WL 4689044, at *2 (M.D. La. Sept. 6, 2016) (holding $75 per hour to be reasonable); Mills v. Colvin, No. CIV.A. 13-701, 2014 WL 6475376, at *5 (E.D. La. Nov. 17, 2014) (holding $75 per hour to be reasonable). In light of the maximum rate calculated using the consumer price index, the rates awarded by other courts in this district and circuit for similar matters, and the Commissioner's lack of opposition, the Court finds that Mr. Richthofen's proposed hourly rate of $150 for attorney work and $75 for paralegal work is reasonable.

Mr. Richthofen asserts that his counsel spent 25.6 hours in preparing his case and that the paralegal spent 8.3 hours. He includes an itemization of the time spent by his counsel and paralegal. The Court finds the time spent to be reasonable. Mr. Richthofen also seeks $17.25 in expenses for the cost of serving the defendant with a certified copy of the summons and the complaint. The court also finds this reasonable. The Commissioner has not challenged the hours spent or the expenses incurred. Thus, the court finds that Mr. Richthofen's proposed award of $4,462.50 in attorney's fees and $17.25 in expenses is appropriate.

Recommendation

For the foregoing reasons, it is RECOMMENDED that plaintiff be awarded $4,462.50 in reasonable attorney's fees and $17.25 in reasonable expenses

Objections

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) calendar days after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

    New Orleans, Louisiana, this 28th day of January, 2019

                                                                                        Janis van Meerveld
                                      United States Magistrate Judge